UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER SPAETHE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:19-cv-3476 |
| | ) |
| COMICS ELITE LLC and | ) |
| SHAWN HUDACHKO, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

1.      Plaintiff, Christopher Spaethe ("Spaethe"), brings this action against Defendants,

Comics Elite, LLC ("Comics Elite") and Shawn Hudachko ("Hudachko") (jointly referred to as

"Defendants", unless otherwise stated herein), for unlawfully violating his rights as protected by the

Fair Labor Standards Act ("FLSA"), as amended.

## PARTIES

2.      Spaethe has resided within the Southern District of Indiana at all relevant times.

3.      Comics Elite has operated and conducted business within the Southern District of

Indiana at all relevant times.

4.      Hudachko is the owner of Comics Elite.

5.      Hudachko has resided within the Southern District of Indiana at all relevant times.

## JURISDICTION AND VENUE

6.      Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; and

29 U.S.C. §216(b).

7.      Spaethe was an "employee" within the meaning of 29 U.S.C. §203(e).

8.      Defendants are "employer(s)" within the meaning of 29 U.S.C. §203(d).

9.      At all times relevant to this action, Comics Elite has been an enterprise within the meaning of 29 U.S.C. § 203.

10.     At all relevant times, Comics Elite has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in, or produced for, commerce by any person and in that enterprise has had an annual gross volume of sales made or business done of not less than $500,000.

11.     Spaethe performed work requiring that he engage in interstate commerce, including marketing and participating in Facebook and other internet sales of Defendants' goods and products to customers in Indiana, other states, and other countries around the world.

12.     Venue is proper in this Court.

**FACTUAL ALLEGATIONS**

13.     Spaethe commenced his employment with Defendants in or about March 2018 and resigned in or about May 2019.

14.     Defendants paid Spaethe no wages the first month he worked for them.

15.     Spaethe worked approximately 40 hours per week the first month of his employment.

16.     Defendants gave in-store credits to Spaethe for the hours he worked the first month of his employment.

17.     Defendants did not pay Spaethe the federal minimum wage rate of $7.25 per hour the first month he worked for them.

18.     Between in or about April 2018 and in or about July 2018, Spaethe worked approximately 40 hours per week for Defendants.

19.     For the first six weeks of the period of in or about April 2018 to in or about July 2018, Defendants paid Spathe $5.00 per hour.

20.     For the second six weeks of the period of in or about April 2018 to in or about July 2018, Defendants paid Spathe $8.00 per hour for the first 20 hours per week and then $5.00 per hour for the second 20 hours per week.

21.     Between in or about April 2018 and in or about July 2018, Defendants did not pay Spaethe for all minimum wage hours worked by him.

22.     Spaethe worked around 60 hours per week for Defendants for the four-week period between in or about July and in or about August 2018.

23.     Defendants paid Spaethe $5.00 per hour for the first 40 hours of each week of the four-week period between in or about July and in or about August 2018.

24.     Defendants did not pay overtime wages to Spaethe for all hours worked beyond 40 per week for the four-week period between in or about July and in or about August 2018.

25.      Spaethe worked, on average, 60 hours per week for Defendants between in or about August 2018 and on or about December 31, 2018.

26.     Defendants paid Spaethe $12.00 per hour for the first 40 hours and did not pay any overtime wages to him for all hours worked beyond 40 per week between in or about August 2018 and on or about December 31, 2018.

27.     Spaethe worked, on average, 50 hours per week for Defendants between on or about January 1, 2019, and on or about March 31, 2019.

28.     Defendants paid Spaethe $12.00 per hour for the first 40 hours per week and did not pay overtime wages to him for all hours worked beyond 40 per week between on or about January 1, 2019, and on or about March 31, 2019.

29.     Spaethe communicated his weekly work hours to Defendants.   Defendants were aware of the hours he worked.

30.     The overtime hours worked by Spaethe constituted work performed for Defendants and served as a measurable benefit to Defendants.

31.     Defendants did not pay overtime wage rates to Spaethe for all hours worked by him in excess of 40 per week.

32.     Defendants did not pay minimum wage rates to Spaethe for all hours worked by him under 40 per week.

33.     Defendants gave in-store credits to Spaethe for overtime worked by him, rather than pay overtime wages to him.

34.     Spaethe has suffered injury as a result of Defendants' unlawful actions.

## FLSA – MINIMUM AND OVERTIME WAGE VIOLATIONS

35.     Spaethe hereby incorporates paragraphs 1-34 of his Complaint.

36.     Defendants failed to compensate Spaethe for all overtime wages earned by him.

37.     Defendants failed to compensate Spaethe for all minimum wages earned by him.

38.     Defendants' actions have been willful and in reckless disregard of Spaethe's rights as protected by the FLSA.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Christopher Spaethe, by counsel, respectfully requests that this

Court find for him and order that:

1.      Defendant pay all lost wages, including minimum and overtime wages, to Spaethe;

2.      Defendant pay liquidated damages to Spaethe;

3.      Defendant pay pre- and post-judgment interest to Spaethe;

4.      Defendant pay Spaethe's attorneys' fees and costs incurred in litigating this action;

and

5.      Defendant pay to Spaethe any and all other legal and/or equitable damages that this

Court determines appropriate and just to grant.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49

*s/Bradley L. Wilson*
Bradley L. Wilson, Attorney No. 21154-49

Attorneys for Plaintiff
Christopher Spaethe

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:    (317)955-9500
Facsimile:    (317)955-2570
Email:        jhaskin@jhaskinlaw.com
              bwilson@jhaskinlaw.com